# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

**TERRENCE R. WALTON,**

      **Plaintiff,**                                     **CASE NO. 1:20-cv-24605**

**v.**                                                       **JURY TRIAL DEMANDED**

**HAYT, HAYT & LANDAU, P.L.,**

      **Defendant.**

_____/

## COMPLAINT

NOW comes TERRENCE R. WALTON ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of HAYT, HAYT & LANDAU, P.L. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in Miami-Dade County, Florida, which is within the Southern District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff is a consumer and a natural person over 18 years-of-age.

5. Defendant is a third-party collection firm that "has been practicing law in the state of Florida for over 25 years specializing in the area of collections"[1], with its principal place of business located at 7765 S.W.87th Avenue, Suite 101, Miami, Florida 33173. Defendant regularly collects from consumers in the State of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant actions stems from Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owed to Conn Appliances, Inc. ("Conn's").

8. The subject debt was allegedly incurred to finance the purchase of personal and household goods.

9. Upon information and belief, Conn's sold the subject debt to a debt purchaser that subsequently placed the subject debt with Defendant for collection.

10. Subsequently, around the summer of 2020, Defendant began its collection campaign by contacting Plaintiff.

11. Around October 7, 2020, Defendant mailed or caused to be mailed a "dunning" letter to Plaintiff in an attempt to collect upon the subject debt.

12. Defendant in its October 7, 2020 collection letter identified Conn's as the "creditor" of the subject debt.

---

[1] https://haytfla.com/HaytHaytAndLandau/#/

13. Defendant's October 7, 2020 collection letter confused Plaintiff as he was aware that Conn's did not own the subject debt when Defendant mailed the aforementioned collection letter.

14. Consequently, Plaintiff telephonically contacted Defendant in order to inquire as to the status of the subject debt.

15. In response to Plaintiff's inquiries, Defendant falsely reiterated that Conn's is the current creditor to whom the subject debt is owed.

16. Defendant also stated that the statute of limitations did not apply to the subject debt and that Plaintiff could be sued for the subject debt regardless of the expiration of the subject debt.

17. Plaintiff subsequently confirmed with Conn's that it does not own the subject debt because it was sold to a debt purchaser.

18. Frustrated and confused over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily mislead by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, and invasion of privacy. Additionally, as a result of Defendant's collection letter, Plaintiff has been unnecessarily confused and misled, and similarly suffered a violation of his federally protected substantive rights to receive truthful and non-confusing information about the debt serving as the basis of a debt collector's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A);
>
> The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); and
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it employed deceptive means to collect or attempt to collect upon the subject debt. It was deceptive for Defendant to repeatedly claim that Conn's is the creditor to whom the subject debt when Conn's no longer owns the subject debt. Moreover, it was also deceptive for Defendant to claim that it could indefinitely sue Plaintiff for the subject debt. The misleading nature of Defendant's collection campaign is highlighted by

the fact that Defendant represented that the statute of limitations did not apply to the subject debt. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly represented that the statute of limitations did not apply to the subject debt. This false representation was designed to cause undue pressure on Plaintiff to make a payment.

### c. Violations of FDCPA § 1692g(a)(2)

31. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

32. Defendant violated § 1692g(a)(2) through its failure to identify the creditor to whom the subject debt was owed in its October 7, 2020 "dunning" letter.

WHEREFORE, Plaintiff, TERRENCE R. WALTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

 f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2020        Respectfully Submitted,

                  <u>/s/ Alejandro E. Figueroa</u>
                  Alejandro E. Figueroa, Esq.
                  *Counsel for Plaintiff*
                  Florida Bar No. 1021163
                  Sulaiman Law Group, Ltd
                  2500 S Highland Ave, Suite 200
                  Lombard, IL 60148
                  Telephone: (630) 575-8181 Ext. 120
                  alejandrof@sulaimanlaw.com